IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CEDRIC GREENE,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>DIRECT TV. INC.,<br><br>　　　　　　　Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:16-cv-964 DB<br><br>District Judge Dee Benson<br><br>Magistrate Judge Brooke Wells |

　　　　This matter is referred to the undersigned in accordance with 28 U.S.C. § 636 (b)(1)(B) from Judge Dee Benson.[1]  Plaintiff, Cedric Greene, "files a civil complaint in the District of Utah for False Advertisement, Breach of Contract, and Negligence against Direct TV."[2]  Mr. Greene "does not seek for a jury demand at this time but however, he seeks damages in the amount of $50, 000.00."[3]  Mr. Greene alleges the basis for jurisdiction is proper under 28 U.S.C. § 1331 federal question jurisdiction.  The undersigned recommends that this matter be dismissed for lack of subject matter jurisdiction.

　　　　Where subject matter jurisdiction is concerned, "it has long been recognized that a federal court must, sua sponte, satisfy itself of its power to adjudicate in every case and at every stage of the proceedings and the court is not bound by the acts or pleadings of the parties."[4]  Federal

---

[1] Docket no. 6.

[2] Complaint p. 1, docket no. 3.

[3] *Id.* p. 3.

[4] *Treinies v. Sunshine Min. Co.*, 308 U.S. 66, 60 S.Ct. 44, 84 L.Ed. 85 (1939); *Harris v. Illinois-California Express, Inc.*, 687 F.2d 1361, 1366 (10th Cir.1982); *Mendoza v. K-Mart, Inc.*, 587 F.2d 1052 (10th Cir.1978).

courts possess only that jurisdiction which has been conferred upon them by Congress[5] and "they must have a statutory basis for their jurisdiction."[6] The party invoking the jurisdiction of the court has the duty to establish that federal jurisdiction does exist,[7] but since the courts of the United States are courts of limited jurisdiction, there is a presumption against its existence.[8]

Federal-question jurisdiction exists for all claims "arising under the Constitution, laws, or treaties of the United States."[9] "A case arises under federal law if its 'well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'"[10] Thus, to find jurisdiction under 28 U.S.C. § 1331, two conditions must be satisfied. First, a question of federal law must appear on the face of plaintiff's well-pleaded complaint.[11] Second, plaintiff's cause of action must either be (1) created by federal law, or (2) if it is a state-created cause of action, "its resolution must necessarily turn on a substantial question of federal law."[12]

Here, a federal question does not appear on the face of Plaintiff's Complaint and it is not created by federal law or turn on substantial questions of federal law. The undersigned finds that Green's alleged claims of false advertisement, breach of contract, and negligence do not present a federal question and therefore the court has no subject matter jurisdiction over the case.[13] "If

---

[5] *See United States v. Nixon*, 418 U.S. 683, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974); *Century Laminating, Ltd. v. Montgomery*, 595 F.2d 563, 565 (10th Cir.1979); *United States v. Padilla*, 589 F.2d 481 (10th Cir.1978); 7 Moore's Federal Practice, Par. 110.01 (2d Ed.1980).

[6] *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir.1994).

[7] *Wilshire Oil Co. of Texas v. Riffe*, 409 F.2d 1277 (10th Cir. 1969).

[8] *City of Lawton, Okla. v. Cha*pman, 257 F.2d 601 (10th Cir. 1958).

[9] 28 U.S.C. § 1331.

[10] *Morris*, 39 F.3d at 1111 (quoting *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27–28, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)).

[11] *Rice v. Office of Servicemembers' Group Life Ins.*, 260 F.3d 1240, 1245 (10th Cir.2001).

[12] *Id*. (citing *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986)).

[13] Although not alleged in his Complaint there also does not appear to be diversity jurisdiction.

the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."[14]  Accordingly, the undersigned recommends that this matter be dismissed.

The undersigned further recommends that the district court consider placing filing restrictions on Mr. Greene for being a vexatious litigant.  Mr. Greene was declared a vexatious litigant in the Central District of California as a result of filing over 70 non-meritorious actions in that district.[15]  In addition, Mr. Greene has also tried his luck in other districts filing the same type of frivolous suits.[16]  To date in this district Mr. Greene has filed twelve suits since June 2016 and they appear to have the same frivolous pattern with six already being dismissed on jurisdictional grounds.[17]

Recommendation

The court recommends that Plaintiff's Complaint be dismissed.  The undersigned further recommends that Judge Benson consider placing filing restrictions on Mr. Greene for being a vexatious litigant.

---

[14] Fed. R. Civ. P. 12(h)(3); *see e.g., City of Poughkeepsie, N.Y. v. Poughkeepsie Cablevision, Inc.* 571 F.Supp. 1225, 1228 (S.D.N.Y. 1983) (finding that the district court lacked subject-matter jurisdiction over city's action for breach of contract against a cable television franchisee in which complaint sought to invoke federal question jurisdiction).

[15] *See Cedric Greene v. Men's Central Jail*, Case No. 11-cv-02359 UA (SS) (C.D. Cal. May 10, 2011) (Order (ECF No. 15) adopting Report and Recommendation ("R&R") and holding that Cedric Greene is deemed a vexatious litigant); *see also id*. (May 3, 2011 R&R (ECF No. 13) outlining Greene's litigation history in that court)

[16] *See Greene v. Dantzler*, Case No. 215CV02096GMNPAL, 2017 WL 663672, at *4 (D. Nev. Jan. 27, 2017), report and recommendation adopted sub nom. Greene, No. 215CV02096GMNPAL, 2017 WL 663241 (D. Nev. Feb. 15, 2017) ("Greene cannot avoid the consequences of the vexatious litigant determination by the California courts by simply filing in Nevada with the hope that this court will be more hospitable.  The Southern District of California specifically told Greene several years ago that this tactic was improper."); *see also Greene v. L.A. Cnty. Sheriff Dep't.*, 11–cv–2485–JAH–CAB (Nov. 7, 2011 Order (ECF No. 3) (finding that Greene's request to proceed in the Southern District based on the vexatious litigant order in the Central District was "improper, in that plaintiff is simply seeking to sidestep the Central District's vexatious litigant order").

[17] Mr. Greene has filed at least 12 cases in this district since June 2016: *Greene v. Sprint Nextel Corporation*, 2:16-cv-676 CW; *Greene v. Greyhound Lines, Inc*., 2:16-cv-703 BSJ; *Greene v. Logisticare Solutions*, 2:16-cv-755 BSJ; *Greene v. Gray*, 2:16-cv-804 JNP-EJF; *Greene v. Housing Authority of The City of Los Angeles*, 2:16-cv-806 RJS; *Greene v. Inglewood Housing Authority et al*., 2:16-cv-838 DS; Greene v. Direct TV, 2:16-cv-964 DB BCW; *Greene v. Access Services*, 2:16-cv-1272 CW EJF; *Greene v. Tennessee Board of Judicial Conduct*, 2:17-cv-175 BSJ; *Greene v. Harris et al*., 2:17-cv-276 DN EJF; *Greene v. Frontier Airlines*, 2:17—cv-319 TS; *Greene v. Asurion Insurance Services*, 2:17-cv-623 DAK BCW.

Copies of the foregoing Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[18]  A party must file an objection to this Report and Recommendation within fourteen (14) days of being served.[19]  Failure to object may constitute waiver of objections upon subsequent review.

DATED this 12 July 2017.

Brooke C. Wells
United States Magistrate Judge

---

[18] *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[19] *Id.*